IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-1872-RBJ

JOSE BENJAMIN LOPEZ SILVA,

       Petitioner,

v.

JUAN BALTAZAR et al.,
in their official capacities,

       Respondents.

---

## ORDER

---

Before the Court is petitioner Jose Benjamin Lopez Silva's ("petitioner" or "Mr. Lopez Silva") Petition for a Writ of Habeas Corpus (Petition), ECF No. 1, and Motion for Temporary Restraining Order. ECF No. 4. Among other relief, petitioner seeks an order granting his immediate release. ECF No. 1 at 7. For the reasons below, the Court finds that Mr. Lopez Silva's mandatory detention is unlawful and orders his release.[1]

---

[1] Pursuant to its inherent authority under the All Writs Act, 28 U.S.C. § 1651, this Court previously ordered that respondents shall not transfer petitioner away from the District of Colorado or remove him from the United States until the termination of this case. ECF No. 8. That Order remains in effect.

1

**A. Mr. Lopez Silva's mandatory detention is unlawful**

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others that this Court has decided raising this precise issue. ECF No. 11 at 2 (citing this Court's decision in *Campos-Melara v. Noem,* No. 25-cv-03929-RBJ (D. Colo. Dec. 9, 2025), ECF No. 7; *Ugarte Hernandez v. Baltazar*, No. 25-cv-4066-RBJ (D. Colo. Jan. 15, 2026), ECF No. 16.

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo.

Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case). The Court is aware of and has read the split decisions from the Fifth and Eighth Circuits adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded. *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, ---F.4th---, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Instead, the Court respectfully agrees with the dissenting judge in *Buenrostro* that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." 2026 WL 323330 at *11 (Douglas, J., dissenting). The dissenting judge in *Avila* makes essentially the same points. 2026 WL 819258 at *7 (finding that the majority's interpretation "is not supported by the plain meaning of 'seeking,' the context of the [Immigration and Nationality Act], or the history of the [Illegal Immigration Reform and Immigration Responsibility Act]") (Erikson, J., dissenting).

In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue would logically lead to the same result here. ECF No. 11 at 4. Accordingly, Mr. Lopez Silva's mandatory detention under § 1225(b)(2)(A) is unlawful.

## B. Release is the appropriate remedy

The Court now turns to the appropriate relief.  "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026) (internal citation omitted).  And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

In prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an Immigration Judge.  *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same).  However, in this case, the Court concludes that release is the appropriate remedy.  *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that the "typical remedy" for "unlawful executive detention" is "of course, release") (quoting *Munaf v. Green*, 533 U.S. 674, 693 (1973)).

Initially, although petitioner raised and the Court ruled on the statutory violation, respondents violated due process by detaining Mr. Lopez Silva "without first conducting an individualized assessment as to his dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496, 496–98 (S.D.N.Y. 2025).  Thus,

ordering a bond hearing "does nothing to mitigate the harm to [petitioner] in the time [he] [is] in detention awaiting review." *Id.* at 497.

Moreover, the Court agrees with fellow District Court Judge William J. Martinez that there is "mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes." *Singh v. Valdez*, 26-cv-1109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026). Judge Martinez was particularly concerned with the fact that Immigration Judges ("IJ") "often cite little or no reasoning in determining that noncitizens are a flight risk." *Id.* (internal quotation marks omitted). By way of example, he cited a recent IJ decision denying bond after the district court had granted a noncitizen's habeas petition and ordered the hearing. *Id.* The IJ's decision, without any reference to specific facts, stated the following:

> After considering the totality of the circumstances and all relevant factors, the Court denies bond.
>
> If DHS bears the burden, the Court finds that DHS has met its burden to establish that the respondent is both a danger and a flight risk.
>
> If the respondent bears the burden, the Court finds that the respondent has not met his burden to establish that he is neither a danger to the community nor a significant flight risk such that release from custody is warranted.

*Id.* (citing IJ bond decision from *Quiroz Vacarias v. Noem et al.*, 1:26-cv-0574-WJM, ECF No. 14-1). The district court found that this rationale-free IJ decision

was not an "isolated incident," but rather part of a growing trend around the country. *Id.* at *5 n. 4 (citing *Zheng v. Rokowsky, et al.*, ---F. Supp. 3d---, 2026 WL 800203, at *6 (D.N.J. Mar. 23, 2026); *Montero-Martinez v. Mattos, et al.*, 2026 WL 674497, at *1–2 (D. Nev. Mar. 9, 2026); *Miri v. Bondi*, 2026 WL 622302, at *9 (C.D. Cal. Mar. 5, 2026); *Rodriguez v. Greene*, 2026 WL 574961, at *12 (N.D. Ohio Mar. 2, 2026)).

Accordingly, Judge Martinez held that immediate release was the appropriate remedy for petitioner's unlawful detention under the wrong statute. *Id.* at *5; *see also Zheng*, 2026 WL 800203, at *11 n. 14 (collecting cases from around the country ordering release rather than a bond hearing). To hold otherwise, "would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Id.* (quoting *Zheng*, 2026 WL 800203, at *11). This Court agrees and orders that Mr. Lopez Silva be released.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order. Such release may be on reasonable conditions as determined by respondents but not to include the payment of bond or the application of an ankle monitor. The Motion, ECF No. 4, is respectfully DENIED as moot.

6

2. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

3. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: May 22, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

7